IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER NILES, | : | |
| | : | |
| *Plaintiff* | : | Civil Action No. 2:22-cv-01617- CCW |
| v. | : | |
| | : | |
| UNION SQUARE NEWCASTLE JOINT VENTURE | : | |
| | : | |
| *Defendant* | : | |

**ANSWER**

Defendant Union Square Newcastle Joint Venture ("Union Square") states the following for it Answer to the Complaint:

1. Denied. The Complaint speaks for itself. Union Square denies that there are accessibility barriers in the parking lots and paths of travel at its shopping center located at 2559 W State Street, New Castle, PA (the "Shopping Center").

2. Denied. Union Square lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3.-4. Denied. Union Square lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff visiting the Shopping Center. Union Square denies that the parking lots and paths of travel at the Shopping Center are inaccessible, denies that there are access barriers at the Shopping Center and denies that the Shopping Center fails to comply with the ADA.

4. Denied.

5. Denied.

6. Denied. The paragraph cited by Plaintiff, 42 U.S. § 12188(a)(2), actually states:

> **(2)INJUNCTIVE RELIEF**
> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

7.   The Complaint speaks for itself.  Union Square denies that Plaintiff is entitled to any relief.

8. – 13.  Denied.  These paragraphs are denied because they state conclusions of law. The ADA, its regulations, standards, guidance, and case law accurately state the requirements of the law.

14.   Denied.  The paragraph cited by Plaintiff, 42 U.S. § 12188(a)(2), actually states:

> **(2)INJUNCTIVE RELIEF**
> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

15.- 17  Admitted.

18.   Denied.  Union Square lacks knowledge or information sufficient to form a belief about the truth of the allegations.

19.   Admitted.

20.   Admitted.

21.-22. Denied.  Union Square lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff visiting the Shopping Center or Plaintiff's

plans.  Union Square denies that there are excessive slopes or other ADA accessibility violations at the Shopping Center.

23. – 25.   Denied.  Union Square denies all allegations that the Shopping Center fails to comply with the ADA.

26.   Denied.  Union Square lacks knowledge or information sufficient to form a belief about any alleged disability of Plaintiff or Plaintiff's interest in accessibility.

27.   Admitted.

28.   Denied.

29.-31. Denied.  Union Square denies that the Shopping Center fails to comply with the ADA because of inaccessibility or architectural barriers, and denies the specific violations alleged in paragraph 30(a) through (e).

32.   Denied.  The Complaint speaks for itself.  Union Square denies that there are barriers to accessibility at the Shopping Center, denies that there are policies and practices that create inaccessibility, and denies that Plaintiff is entitled to injunctive relief.

33.   Defendant incorporates paragraphs one (1) through thirty-two (32) of its Answer above.

34.   Admitted.

35.-36.  Denied.  These paragraphs are denied because they state conclusions of law.  The ADA, its regulations, standards, guidance, and case law accurately state the requirements of the law.

37.-38. Denied. Union Square denies that the Shopping Center is inaccessible, denies that the Shopping Center exhibits the barriers alleged in the Complaint, and denies that the Shopping Center fails to comply with the ADA.

39. Denied. Union Square denies all claims of inaccessibility, discrimination, and noncompliance with the ADA.

40.-41. Denied. These paragraphs are denied because they state conclusions of law. The ADA, its regulations, standards, guidance, and case law accurately state the requirements of the law.

42.-46. Denied. Union Square denies all claims of inaccessibility, discrimination, and noncompliance with the ADA. Union Square denies all claims of injury or harm to Plaintiff and denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Union Square Newcastle Joint Venture requests that judgment be entered in its favor and that Plaintiff be awarded no relief or remedy of any kind.

McNEES WALLACE & NURICK LLC

By: */s/ David A. Levine*
David A. Levine, Esquire
P.A. I.D. No.: 65676
One Oxford Center
301 Grant St., Suite 1100
Pittsburgh, PA 15219
412-227-2500
*Counsel for Defendant*

Dated: January 23, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, served the foregoing document via the Court's ECF filing system upon the following:

>Nicholas Colella
>James M. LaMarca
>LYNCH CARPENTER LLP
>1133 Penn Avenue, 5th Floor
>Pittsburgh, PA 15222
>NickC@lcllp.com
>james@lcllp.com
>*Counsel for Plaintiff*
>
>R. Bruce Carlson
>CARLSON BROWN
>22 Broad St.
>PO Box 242
>Sewickley, PA 15143
>bcarlson@carlsonbrownlaw.com
>*Counsel for Plaintiff*

>>*/s/ David A. Levine*_____
>>David A. Levine

Dated:  January 23, 2023

A9417408:1